# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

ARDWIN FRANK SYLVESTER,                                                    PLAINTIFF
ADC #610150

v.                                  5:18CV00120-JM-JTK

WENDY KELLY, et al.                                                       DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I.    Introduction

Plaintiff Ardwin Sylvester is a state inmate incarcerated at the Cummins Unit of the Arkansas Department of Correction (ADC), who filed this pro se action pursuant to 42 U.S.C. § 1983, alleging excessive force by Defendant James. (Doc. No. 2). Defendants Kelly and Straughn were dismissed on May 30, 2018 (Doc. No. 6).

This matter is before the Court on remaining Defendant James' Motion for Summary Judgment, Brief in Support, and Statement of Facts (Doc. Nos. 47-49). On April 25, 2019, the Court granted Plaintiff's Motion for an extension of time to respond until June 17, 2019 (Doc. No. 52). However, as of this date, Plaintiff has not responded.

## II.    Complaint

Plaintiff alleged that on December 8, 2017 he was housed on the north wing of the Unit when he and other inmates held their arms out their cell doors in an effort to speak with a non-party officer. (Doc. No. 2, p. 4) Defendant James came to his cell and immediately struck Plaintiff with the metal bar which is to be used to open and close the trap doors. (Id.) James struck Plaintiff

several times on his left hand, causing swelling and heavy bruising. (Id.)

### III.   Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party...." Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas. Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED.R.CIV.P. 56(e)(2).

#### A. Official Capacity Liability

The Court initially agrees with Defendant that Plaintiff's monetary claims against

Him in his official capacity should be dismissed, pursuant to sovereign immunity. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 64 (1989).

### B. Individual Capacity Liability

The Court also agrees with Defendant that the monetary claims against him in his individual capacity should be dismissed, pursuant to qualified immunity, which protects officials who act in an objectively reasonable manner. It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether a defendant is entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. Pearson v. Callahan, 555 U.S. 223, 232 (2009).[1] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the

---

[1] Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Nelson, 583 F.3d at 528 (quoting Pearson v. Callahan, 555 U.S. at 236).

affirmative.   Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

In support of his Motion, Defendant presents a copy of the incident and disciplinary violation reports submitted after the incident.  According to Defendant James' report, he was advised by East Building Control on December 8, 2017 about loud banging on the North Wing of the Building. (Doc. No. 47-5, p. 7) He noticed that the noise came from several cells, and stopped by Plaintiff's cell and gave him a direct order to remove his arm from the trap door of the cell. Plaintiff refused until the heat was fixed. James told him that maintenance would be notified but that the trap door must be closed, and then used a bar to move Plaintiff's hand out of the entrance of the trap. James notified the supervisor and Plaintiff was taken to the infirmary and later charged with a disciplinary violation.

James added in his Affidavit that Plaintiff was housed in a single-man cell in an isolation hall, which usually houses problematic inmates, some who dash or throw things at officers. (Doc. No, 47-2, p. 2) The solid steel door of each cell contains an opening known as a "trap' which has a plunger/pin lock system and is used to provide an inmate food, medicine, mail, and other items. (Id.) Although the trap should remain closed and locked when not in use, inmates often use objects to block the lock to leave the trap open. (Id.) To operate the trap, an officer uses a metal bar with a hook on one end and a round flat part about the size of a quarter on the other end. (Id.) ADC policy prohibits inmates from obstructing or tampering with the trap, and inmates are not permitted to stick their arms outside of the trap other than to receive food or medicine. (Id., p. 3)   On the date of the occurrence, multiple inmates were banging on the doors in Plaintiff's wing and had their hands in or outside of the trap doors. (Id.) When Defendant and another officer (Nailer) entered, most inmates stopped banging and tried to explain to the officers that they were upset because of the cell temperature. (Id.) However, Plaintiff did not stop banging, despite two orders

from James. (Id., p. 4) Plaintiff also failed to remove his hand from the trap despite two orders from Defendant and another order from officer Nailer. (Id.) Plaintiff stated he would not remove his arm until the heat was fixed. (Id.) Defendant James then used the round end of his bar to push Plaintiff's hand out of the trap, and purposefully did not use pepper spray because he knew Plaintiff recently underwent heart surgery. (Id.) Defendant did not use any other force against Plaintiff, and arranged for someone to take him to the infirmary after the incident. (Id., p. 5)

Marquez Nailer, the other officer present at the time, stated in a declaration that Plaintiff refused orders from both him and Defendant James to stop banging and to remove his hand from the trap. (Doc. No. 47-3, p. 2) Nailer stated that he did not see Defendant James strike Plaintiff with the bar while removing his hand from the trap. (Id.)

Plaintiff testified in his deposition that he knew he violated policy when he refused to close his trap door and also knew that open traps create security risks because inmates can traffic and trade and assault officers by dashing them with "stuff." (Doc. No. 47-4, pp. 9-11) He also admitted that he refused to comply with direct orders to remove his hand from the trap and claimed that Defendant struck his hand twice with the bar. (Id.) He stated he suffered a swollen, bruised hand but that he can still eat with utensils and write and participate in other prison activities. (Id., pp. 14-15)

According to Plaintiff's medical records, he was treated with Ibuprofen for left hand pain on December 8, 2017, and his hand appeared swollen, bright red, with no broken skin. (Doc. No. 47-5, p. 8)

**C.   Analysis**

In light of Plaintiff's failure to respond to the Motion and to offer a dispute of the facts asserted by Defendant, the Court hereby finds that the facts set forth by Defendant (Doc. No. 49)

are undisputed for purposes of this Motion, and recommends that summary judgment be granted as a matter of law. See FED.R.CIV.P. 56(e)(2), (3).

To support an excessive force claim, Plaintiff must allege and prove that force was not applied in a good-faith effort to maintain or restore discipline, but rather, maliciously and sadistically to cause harm. Wilkins v. Gaddy, 559 U.S. 34, 37 (2010). Factors to be considered in determining the reasonable use of excessive force include whether there was an objective need for force, the relationship between the need and the amount of force used, the threat reasonably perceived by the officers, efforts the officers used to temper the severity of their response, and the extent of the inmate's injury. Treats v. Morgan, 308 F.3d 868, 872 (8th Cir. 2002). In Wilkins, the United States Supreme Court held that the absence of serious injury is not irrelevant to an excessive force inquiry, but is a factor which could suggest whether the force could "plausibly have been thought necessary" and might also provide an indication of the amount of force applied. 559 U.S. 34, 37 (quoting Hudson v. McMillian, 503 U.S. at 7). While a "limited application of capstun to control a recalcitrant inmates constitutes a 'tempered response by prison officials' when compared to other forms of force, ... not every instance of inmate resistance justifies the use of force." Treats, 308 F.3d at 872 (quoting Jones v. Shields, 207 F.3d 491, 496 (8th Cir. 2000)).

In addition to the Declarations and Plaintiff's deposition testimony, Defendant also presented a video of the incident. However, the video does not show Defendant's actions or anything which really occurred, other than that Defendant spent about twenty seconds in front of Plaintiff's cell. Based on the other evidence presented by Defendant, the Court finds no evidence that he acted maliciously or sadistically to cause harm, and it appears that he acted only in good faith to maintain or restore discipline. See Hudson, 503 U.S. at 6-7, and Jones, 207 F.3d at 495. Both Plaintiff and Defendant stated that they had a cordial relationship with each other and

Defendant's knowledge that Plaintiff recently underwent heart surgery was the reason he decided to use the bar to close the trap door, as opposed to other means. Therefore, absent additional facts or evidence from Plaintiff to show otherwise, the Court finds that Defendant acted reasonably under the circumstances, and that no reasonable fact finder could find that the facts alleged or shown, construed in the light most favorable to Plaintiff, establish a violation of a constitutional or statutory right.

## IV.  Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendant's Motion for Summary Judgment (Doc. No. 47) be GRANTED, and Plaintiff's Complaint be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 2nd day of July, 2019.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE